UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DELCID ELNORA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BURGER KING LLC;<br>RALPH WILLIAM HOUSH, Mgts.;<br>BRIAN MICHAEL DUPREE;<br>TERRY TRIPP, Employee;<br>KENNETH ALEXANDER, a/k/a Kenny Wells; SARA L. GOODMAN;<br>MATT CARPENTER, Mgts;<br>BETH M. HUDDLESTON;<br>LARRY, Employee; and<br>GARY WOODWARD,<br><br>　　　　　Defendants. | CIV. 20-5033-JLV<br><br><br>ORDER |

**INTRODUCTION**

Plaintiff Delcid Elnora, appearing *pro se*, initiated this action against defendants, Burger King LLC, and a number of named employees.[1] (Docket 1). Defendants Terry Tripp and Gary Woodward filed a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(2) together with a supporting legal memorandum. (Dockets 25 & 26). On October 16, 2020, Ms. Elnora filed a handwritten response which did not specifically address

---

[1]Plaintiff identified the employees by first name only because she may not have known their last names. Defense counsel for the defendants who have appeared in the case provided complete names. The court took the liberty of amending the caption for completeness.

defendants' motion to dismiss. (Docket 29). On October 20, 2020, the court directed Ms. Elnora to file a formal response to the defendants' motion to dismiss by November 12, 2020. (Docket 30 at p. 3) (bold omitted). On November 9, 2020, Ms. Elnora filed a letter to the court and her response to the defendants' motion to dismiss. (Dockets 31 & 32). On November 23, 2020, Ms. Elnora filed another letter with the court together with 99 pages of materials from the Equal Employment Opportunity Office ("EEOC"). (Dockets 33 & 33-1).

On January 15, 2021, defendants Brian Dupree and Kenneth Alexander, a/k/a/ Kenny Alexander, filed a motion to dismiss plaintiff's case together with a legal memorandum and an exhibit. (Dockets 47, 48 & 48-1). Because these defendants were not served until after the deadline established by the court's order, they moved to dismiss the complaint on that basis. Id. ¶¶ 2-3. Additionally, the second set of defendants moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) and 12(b)(2). (Docket 48 at p. 1).

On January 21, 2021, plaintiff filed a handwritten explanation as to why additional defendants should be added and filed a proposed amended complaint. (Dockets 49 & 49-1). At the same time, Ms. Elnora moved to proceed without prepayment of court fees or costs.[2] (Docket 50). As of the date of this order, Ms. Elnora has not filed a proper response to defendant

---

[2]The court granted Ms. Elnora's motion to proceed *in forma pauperis* shortly after her original complaint was filed. (Docket 9). The order remains in place and is effective as of the date of this order. Plaintiff's January 21, 2021, motion (Docket 50) will be denied as moot.

Tripp's and Woodward's motion to dismiss and has filed no response to the motion to dismiss of defendants Dupree and Alexander.

For the reasons stated in this order, the defendants' motions to dismiss are granted.

## ANALYSIS

Plaintiff asserts federal jurisdiction based on 28 U.S.C. § 1331. (Docket 1 at p. 5). Ms. Elnora claims that while employed at Burger King, other employees subjected her to sexual harassment and racial discrimination. Id. at pp. 3-4. Plaintiff alleges the EEOC in Rapid City, South Dakota, has a copy of her complaints and has additional EEOC materials. Id. at p. 6; see also Docket 1-1 at p. 6.

As the court cautioned Ms. Elnora in October 2020, her *pro se* status does not entitle her to disregard the Federal Rules of Civil Procedure. Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002). *Pro se* litigants "must comply with court rules and directives." Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005). Ms. Elnora is expected to comply with the court's local rules, as well as the Federal Rules of Civil Procedure.

The civil local rules of practice require that a party's responsive pleading must be filed "[o]n or before 21 calendar days after service of a motion and brief . . . all opposing parties will serve and file with the clerk of court a responsive brief . . . . in opposition to the motion." D.S.D. Civ. L.R. 7.1B.[3] The local rules

---

[3]The Civil Local Rules of Practice for the United States District Court for the District of South Dakota may be found on the internet at: https://www.sdd.uscourts.gov/, under the tab "Local Rules & General Orders."

3

must be read in conjunction with the Federal Rules of Civil Procedure.  "When a party . . . must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E) or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."  Fed. R. Civ. P. 6(d).

Ms. Elnora's response must include "citation to legal authorities, if she opposes the defendants' motion to dismiss."  (Docket 30 at p. 4).   In the October 2020 order, the court advised Ms. Elnora:

> "[A] district court has discretion to dismiss an action under [Fed. R. Civ. P. 41(b)] for a plaintiff's failure to prosecute, or to comply with Federal Rules of Civil Procedure or any court order." Henderson v. Renaissance Grand Hotel, 267 Fed. App'x 496, 497 (8th Cir. 2008) (citations omitted); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (holding a district court may dismiss an action under Rule 41(b) on its own initiative and "without affording notice of its intention to do so or providing an adversary hearing before acting[,]" and recognizing a district court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases[].").

Id. at p. 5.

Ms. Elnora's letters pleading sympathy and vengeance against the defendants and others and her submission of records from the EEOC fail to comply with a *pro se* litigant's obligation to respond to legal memoranda filed in support of the two motions to dismiss.  Her filings fail to cite legal authorities.  Apparently she expects the court to dig through her documents to see if the documents would support a resistance to motions to dismiss for failure to state a claim upon which relief could be granted.   It is Ms. Elnora's obligation to present legal authority supported by EEOC documents to defend against a Rule 12(b)(6) motion.

4

Ms. Elnora leaves the court no choice but to exercise its discretion and dismiss her case pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to comply with the court's orders, her failure to comply with the Federal Rules of Civil Procedure and her failure to effectively prosecute her case.

## ORDER

Based upon the above analysis, it is

ORDERED that defendants' motions to dismiss (Dockets 25 & 47) are granted.

IT IS FURTHER ORDERED that plaintiff's complaint as it relates to defendants Terry Tripp, Gary Woodward, Brian Dupree and Kenneth Alexander, a/k/a Kenny Alexander, is dismissed with prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to file an amended complaint (Docket 49) is denied.

IT IS FURTHER ORDERED that plaintiff's motion to proceed *in forma pauperis* (Docket 50) is denied as moot.

IT IS FURTHER ORDERED that plaintiff's complaint as it relates to the remaining defendants, none of whom have been served as required by the October 20, 2020, order (Docket 30 at p. 4), is dismissed without prejudice.

Dated September 20, 2021.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                UNITED STATES DISTRICT JUDGE