UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DELCID ELNORA,<br><br>   Plaintiff,<br><br> vs.<br><br>BURGER KING LLC;<br>RALPH WILLIAM HOUSH, Mgts.;<br>BRIAN MICHAEL DUPREE;<br>TERRY TRIPP, Employee;<br>KENNETH ALEXANDER, a/k/a Kenny Wells; SARA L. GOODMAN;<br>MATT CARPENTER, Mgts;<br>BETH M. HUDDLESTON;<br>LARRY, Employee; and<br>GARY WOODWARD,<br><br>   Defendants. | CIV. 20-5033-JLV<br><br><br>ORDER |

  On September 20, 2021, the court entered an order granting defendants' motion to dismiss and dismissed plaintiff's complaint. (Docket 74 at p. 5). By an envelope date stamped October 23, 2021, plaintiff mailed a notice of appeal and motion to proceed *in forma pauperis* on appeal. (Dockets 76 & 77). The mailing was to a state agency which has no connection with the case. The notice of appeal fails to identify the rulings of the district court which are the subject of the appeal and the form is not dated. (Docket 76). The application to proceed *in forma pauperis* is dated only as "10/[.]" (Docket 77 at p. 1).

A party may proceed on appeal *in forma pauperis* automatically if pauper status was granted in the district court. Fed. R. App. P. 23(a)(3). Ms. Elnora was allowed to proceed *in forma pauperis* in the district court. (Docket 9). However, automatic pauper status is revoked if "the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith[.]" Fed. R. App. P. 23(a)(3)(A). Because plaintiff elected to file a motion for *in forma pauper* status on appeal instead of proceeding automatically, the court must determine whether the appeal is taken in good faith. "Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant." Maddox v. Chisago Cty. Sheriff Office, No. 10-CV-2133, 2010 WL 3119393, at *2 (D. Minn. Aug. 5, 2010) (citing Coppedge v. United States, 369 U.S. 438, 444-45 (1962)).

The court is unable to determine if an appeal is taken in good faith and may be meritorious because plaintiff failed to complete the notice of appeal or identify any issues on appeal. In determining whether an appeal is taken in good faith, the court must decide "whether the claims to be decided on appeal are factually or legally frivolous." Id. (citing Coppedge, 369 U.S. at 444-45). "An appeal is frivolous, and therefore cannot be taken in good faith, 'where it lacks an arguable basis either in law or in fact.' " Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). For this reason, the court must deny plaintiff's motion for leave to proceed *in forma pauperis* on appeal.

Accordingly, it is

ORDERED that plaintiff's motion for leave to appeal *in forma pauperis* (Docket 77) is denied.

IT IS FURTHER ORDERED that plaintiff shall pay the $505 appellate filing fee to the Clerk of the United States District Court for the District of South Dakota or seek leave to proceed *in forma pauperis* in the United States Court of Appeals for the Eighth Circuit.

Dated November 18, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE